Robert FEINMAN, Burton Laskin, Barry Lief, Marvin Weissman, Bernard Pliskin, Emanuel Pokart and R & P Energy Associates Limited Partnership, Plaintiffs,

v.

SCHULMAN BERLIN & DAVIS, Mark A. Berlin, William Apuzzo and Stanley Blay, Defendants.

No. 86 Civ. 7942 (SWK).

United States District Court, S.D. New York.

Jan. 11, 1988.

Rochman, Platzer & Fallick, New York City by Barry M. Fallick, for defendants Schulman, Berlin & Davis and Mark A. Berlin.

Schulman & Berlin, P.C., New York City by Robert D. Schulman, for defendant William Apuzzo.

Newman Schlau Fitch & Burns, P.C., New York City by Philip Schlau, for defendant Stanley Blay.

Stanley Blay, Brooklyn, pro se.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiffs filed this securities fraud action pursuant to § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder, and state law, including § 352–c of the General Business Law of New York ("Martin Act"). Plaintiffs claim they were defrauded by their participation in a limited partnership. Defendants are lawyers who either advised plaintiffs or prepared documents for plaintiff with regard to the limited partnership.

This action is presently before this Court on defendants' motion to dismiss (1) for insufficiency of process pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(4), (2) for insufficiency of service of process pursuant to Rule 12(b)(5), (3) for failure to state a claim pursuant to Rule 12(b)(6), and (4) for failure to plead fraud with particularity. Defendants also claim the action is time barred by applicable statutes of limita-

tion. Defendants' motion to dismiss pursuant to Rule 9(b) is granted in full, while the motion to dismiss pursuant to Rule 12(b)(6) is granted in part and denied in part. The Court does not reach the other issues raised in defendants' motions.[1]

## BACKGROUND

Plaintiffs invested in Tech–Sav Associates Limited Partnership (the "partnership") on either October 15 or October 20, 1980 [2] through a private placement memorandum. *See* Affidavit of Mark A. Berlin, April 20, 1987, at Exh. C (hereinafter "the offering memorandum"). Plaintiffs are apparently the only limited partners. *See* Plaintiffs' Memorandum of Law, Exh. A (Certificate of Amendment). The name of the partnership was changed, with the help of defendant law firm Schulman, Berlin & Davis, in November, 1980, to R & P Energy Associates Limited Partnership. Berlin Affidavit at ¶ 19. The partnership, apparently on October 15, 1980, *see* note 2, *supra*, purchased from Auto Energy Systems, Inc., a computer energy management system (the "system") for $420,000 which was designed to provide a computerized method of energy management to commercial, residential and motel/hotel facilities. Complaint at ¶¶ 3, 15. The limited partners contributed a total of $55,000 in cash and took a non-recourse note for the balance. The partnership entered into a management agreement with The Fuel Governor, Inc. for installation and management of the system. The Fuel Governor then executed a contract with the Hertz Corporation which was to use the energy control system. Complaint at ¶ 15.

1. The Court does not reach the service of process issues since the complaint is dismissed. The Court does not reach the statute of limitations question because the parties have not supplied the Court with facts sufficient to make such a determination. In brief, the Court must decide when a plaintiff discovered or reasonably should have discovered the fraud in order to determine when the applicable limitations period begins to run. *Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir.1983); *Anisfeld v. Cantor Fitzgerald & Co.*, 631 F.Supp. 1461, 1465 (S.D.N.Y.1986). Given the dearth of facts, the Court is unable to make this determination.

2. The parties contest the exact date that plaintiffs became limited partners. Defendants

Plaintiffs allege that in October or November of 1980, Mark Berlin and William Apuzzo, on behalf of Schulman, Berlin & Davis, acted as attorneys and financial advisors to the plaintiffs and recommended that plaintiffs purchase one or more systems from Auto Energy Systems, Inc. Complaint at ¶ 16. These attorneys allegedly told plaintiffs that the purchase would "provide substantial tax benefits". *Id.* Though they do not specify when, where or how, plaintiffs allege that defendants made the following misrepresentations:

a. That the documentation presented to plaintiffs was the documentation necessary to structure the series of transactions in the manner previously represented to plaintiffs.

b. That the Fuel Governor, Inc., had the necessary experience to manage the system.

c. That the transaction was an activity engaged for a profit and for the production of income.

d. That any losses incurred in connection with (sic) transaction would be allowable and deductible for tax purposes as losses incurred in a trade or business engaged for a profit or held for the production of income.

e. That an investment tax credit would be allowable.

Complaint at ¶ 22.

## DISCUSSION

### *Failure to State a Claim*

The Court first considers defendants' motion to dismiss for failure to state a claim

claim that the relevant date is October 15, 1980, since on that date the partnership purchased the Automatic Energy Control System which underlies this controversy. *See* Affidavit of Mark Berlin, April 20, 1987, Exh. E ("Berlin Affidavit"). Plaintiffs assert that the relevant date is October 20, 1987, and point to a certificate of amendment to the limited partnership, which is dated November 7, 1980 and prepared by defendants, which states that plaintiffs became limited partners on October 20, 1980. *See* Plaintiff's Memorandum of Law, Exh. A. Defendants, however, point to a later certificate of amendment, dated March 4, 1981, which states that plaintiffs became limited partners on October 15, 1980.

pursuant to Rule 12(b)(6). Dismissal in a Rule 12(b)(6) motion is not proper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–2, 2 L.Ed.2d 80 (1957). The Court must rely only on the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir.1985).[3]

To state a claim in a Section 10(b) action, the plaintiff must allege (1) material misstatements or omissions, (2) indicating an intent to deceive or defraud (scienter), (3) in connection with the sale or purchase of any security, (4) upon which the plaintiff detrimentally relied. *See Luce v. Edelstein*, 802 F.2d 49, 55 (2d Cir.1986); *Jaksich v. Thomson McKinnon Securities*, 582 F.Supp. 485, 493 (S.D.N.Y.1984). A party must also allege that the defendant used instruments of interstate commerce or the national securities exchange to facilitate the fraud and that the fraud in fact caused the injuries. *First Federal Savings & Loan v. Oppenheim, Appel, Dixon & Co.*, 629 F.Supp. 427, 438 (S.D.N.Y.1986). The Court will assume for the purposes of this discussion that the alleged misrepresentations were material to the extent that plaintiffs would not have purchased the limited partnership interests had the misstatements not been made. *See Harkavy v.*

*Apparel Industries*, 571 F.2d 737, 741 (2d Cir.1978) (standard of materiality in § 10(b) case concerns whether omitted facts would have had actual significance in investor's deliberations).

Reliance on statements which are directly contradicted by the clear language of the offering memorandum through which plaintiffs purchased their securities cannot be a basis for a federal securities fraud claim. *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 804–05 (1st Cir.1987) (court affirmed summary judgment motion for defendants since offering memorandum's candid warnings made any reliance unjustified as a matter of law); *see also Luce, supra*, 802 F.2d at 56. The securities laws' policy of "full disclosure", *see Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 478, 97 S.Ct. 1292, 1303, 51 L.Ed.2d 480 (1977), has been met when the relevant documents fully disclose the risks involved.

■ Plaintiffs have failed to allege a § 10(b) violation for the last four of the five alleged misrepresentations listed in ¶ 22 of plaintiffs' complaint. Any reliance by plaintiffs on the allegedly false statements[4] could not have reasonably been made.

Assuming for the purposes of this motion that defendants made the statements in connection with the plaintiffs' purchase of the limited partnership interests,[5] plain-

---

**3.** The Court relies on the Private Placement Memorandum of Limited Partnership Interests for Tech–Sav Associates in reaching its decision. Although this document is not attached to plaintiff's complaint, plaintiffs refer to an offering memorandum in the complaint at ¶ 15 without identifying it by name. In their moving papers, defendants provide a copy of the Tech–Sav offering memorandum and state in an affidavit that this is the relevant document. Berlin Affidavit at ¶¶ 7. Defendants also note that plaintiff R & P Energy Associates had previously been named Tech–Sav Associates. *Id.* at ¶ 19. Plaintiffs again refer to the offering memorandum as the source of the fraudulent statements in their opposition papers. Plaintiffs' Memorandum of Law at p. 4. The Court thus considers the Tech–Sav offering memorandum to have been incorporated by reference in the plaintiffs' complaint. *Cf. Bechtel Corp. v. Local 215, Laborers' Int'l. Union of North America*, 405 F.Supp. 370, 374 n. 1 (1975), *aff'd* 544 F.2d 1207 (3d Cir.

1976); 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1327, at 489 n. 15 (1969).

**4.** Plaintiffs allege that they relied on defendants' representations only in connection with the third and fourth claims, which appear to be allegations of common law fraud. *See* Complaint at ¶¶ 27, 31. Reading the complaint as a whole, the Court will assume that plaintiffs intended to state that they relied on defendants' alleged misrepresentations in the other counts as well.

**5.** In the complaint, plaintiffs do not specify which defendants made which allegedly false or misleading statements nor do they specify when, where or how the statements were made. Plaintiffs assert that these statements were made in connection with the private placement offering memorandum through which the partnership interests were purchased. Plaintiffs' Memorandum of Law at p. 4.

tiffs' reliance on the statements was wholly unreasonable since the offering memorandum specifically warned plaintiffs of the tax and other risks associated with the limited partnership. In *Luce*, plaintiffs alleged "that the Offering Memorandum contained intentional misrepresentations as to the potential cash and tax benefits of the partnership." *Id.* The Second Circuit decided that the claims did not state a claim under § 10(b) since the offering memorandum "made it quite clear that its projections of potential cash and tax benefits" were inherently speculative in nature. *Id.* As explained more fully below, the offering memorandum in this case unequivocally warns potential investors of the risks involved with investing in the limited partnership.

The offering memorandum considers each of the alleged misrepresentations. The offering memorandum states on page 7 that "[t]he Manager [defined earlier as The Fuel Governor, Inc.] was organized in 1979 and to date has conducted only limited business in the energy management area and has limited personnel and resources." On page 9 under the heading "Risk Factors", the offering memorandum states that the Manager "is a recently formed Delaware corporation with little experience in the field of energy management or in the care of supervision of systems similar to the one being acquired by the Partnership."

Under the heading "Tax Factors", the offering memorandum states on page 18 that *"NEITHER THE PARTNERSHIP NOR ANY AGENT THEREOF ASSUMES ANY RESPONSIBILITY FOR THE TAX CONSEQUENCES OF THIS TRANSACTION TO AN INVESTOR OR POTENTIAL PARTNER...*. There can be no assurance that the [Internal Revenue] Service will not take a position which differs from the tax treatment proposed by the Partnership." (emphasis in original). The memorandum then goes on to remind the reader in a later section on page 22 that, under the Internal Revenue Code, "deductions or losses generated from 'activities not engaged in for profit' ... may not be allowable in whole or in part. The determination

whether an activity is engaged in for profit is based on all facts and circumstances; no one is determinative." While this section does not specifically warn the prospective buyer that the partnership may not be an activity engaged in for profit, in combination with the general warnings it does put the reader on notice that the IRS may determine that the Partnership is not a "for profit" activity. Plaintiffs should have known from the language used that the availability of a loss deduction was not a certainty.

Finally, the offering memorandum warns on pages 20—21 that there "can be no assurance that the [Internal Revenue] Service will not challenge the useful life and cost (including all or part of the Note) utilized by the Partnership, Such a challenge, if successful, could result in a disallowance of all or a portion of the [anticipated] investment credit."

The offering memorandum warned plaintiffs not to rely on the misrepresentations which defendants allegedly made. Plaintiffs' reliance on these representations, if made, was unjustified and dismissal is appropriate. *Luce, supra*, 802 F.2d at 56. Thus, as a matter of law, plaintiffs have not stated a claim under § 10(b) for the allegations discussed above and these claims are dismissed with prejudice pursuant to Rule 12(b)(6).

*Failure to Plead Fraud with Particularity*

The Court has yet to consider the one remaining statement which the plaintiffs claim establish defendants liability under the securities laws, specifically "[t]hat the documentation presented to plaintiffs was the documentation necessary to structure the series of transactions in the manner previously represented to plaintiffs." Complaint at ¶ 22a.

Rule 9(b) requires that

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

The particularity requirement exists primarily to protect defendants from frivolous suits. Specifically, Rule 9(b) exists to give the defendant in a fraud action "fair notice of what the plaintiffs' claim is and the grounds upon which it rests." *Ross v. A.H. Robins*, 607 F.2d 545, 557 (2d Cir. 1979), *cert. denied* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980) (citations omitted). The key to any Rule 9(b) motion is whether the complaint can apprise the defendant of the alleged conduct with enough detail to enable the defendant to prepare a defense. *See Credit and Finance Corp. Ltd. v. Warner & Swasey Co.*, 638 F.2d 563, 567 (2d Cir.1981) (unartfully drawn complaint stated enough particulars to provide defendants with "fair notice"). These motions necessarily must be decided on a case-by-case basis according to the pleadings before the Court.

As a general rule, allegations in a fraud complaint must specify the time, place, speaker, and sometimes even the content of the alleged misrepresentations. *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987). The plaintiff alleging fraud in a securities transaction, such as the one before this Court, "must specifically allege the acts or omissions upon which his claim rests." *Ross, supra*, 607 F.2d at 557. Conclusory allegations of fraud or securities law violations are plainly insufficient. *Id.*

■ This complaint clearly suffers from the "grab-bag" pleading style for which other complaints have been dismissed, *see, e.g., Zuckerman v. Harnischfeger Corp.*, 591 F.Supp. 112, 117 (S.D.N.Y.1984), and from conclusory statements completely devoid of factual support, *Shamrock Associates v. Horizon Corp.*, 632 F.Supp. 566, 572 (S.D.N.Y.1986). Plaintiffs have not specified which defendants made which allegedly misleading statements. Plaintiffs must identify the speaker, what he said and roughly when he said it. *DiVittorio, supra*, 822 F.2d at 1247. The complaint does not specify when the statements were made and only points to the offering memorandum by reference. Plaintiffs' argument that reference to an offering memorandum

as the source of the fraud satisfies the time and place requirements of Rule 9(b) fails for a number of reasons. Plaintiffs fail to point to specific provisions of the offering memorandum and nowhere in the complaint state that the alleged misrepresentations were made in the offering memorandum. Such general references do not satisfy the requirement to plead fraud with particularity. Furthermore, the offering memorandum does not appear to make the statements which plaintiffs allegedly claim mislead them.

Moreover, plaintiffs have not plead a single fact through which an inference of scienter can be made. Section 10(b) "was intended to proscribe knowing or intentional misconduct." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 197, 96 S.Ct. 1375, 1383, 47 L.Ed.2d 668 (1976). Nothing in the complaint, beyond a conclusory transcription of Rule 10b–5, *see* Complaint at ¶ 20, remotely suggests that defendants acted intentionally or with reckless disregard. Plaintiffs simply allege that

> [i]n or about October or November 1980, Mark A. Berlin and William J. Apuzzo on behalf of Schulman, Berlin & Davis, as attorneys and financial advisors to the plaintiffs, recommended that plaintiffs purchase one or more systems from AutoEnergy Systems, Inc., which purchase would provide substantial tax benefits to the plaintiffs. Stanley Blay provided a further opinion regarding certain of the federal income tax consequences to the limited partners in the partnership.

Complaint at ¶ 16. Plaintiffs do not even suggest why defendants would want to defraud them. Defendants apparently have no connection with the underlying limited partnership. While motive is not an element of a § 10(b) action, some suggestion that defendants had a reason to defraud plaintiffs would help the Court infer scienter.

Plaintiffs do not allege that defendants prepared the offering memorandum nor do they allege that defendants had any financial connection to the limited partnership. Nor do plaintiffs allege that defendants had access to information which they failed

to disclose. Even if this Court could find that plaintiffs have stated a cause of action for professional negligence or breach of fiduciary duty, such a claim is not actionable under the federal securities laws. *Ernst & Ernst, supra,* 425 U.S. at 207, 96 S.Ct. at 1388; *Pross v. Katz,* 784 F.2d 455, 458 (2d Cir.1986) (failure to manage limited partnership as promised does not state a cause of action under federal securities laws since breach of fiduciary duty by itself does not violate § 10(b)).

*Martin Act*

■ Plaintiffs' Martin Act claim is dismissed since that statute does not provide a private right of action. *CPC Int'l, Inc. v. McKesson Corp.,* 70 N.Y.2d 268, 519 N.Y. S.2d 804, 514 N.E.2d 116 (1987).

*Common Law Fraud*

Plaintiffs' common law fraud claims brought through this Court's pendent jurisdiction are dismissed since the federal claims are dismissed.

## CONCLUSION

As it now appears before this Court, plaintiffs' complaint fails to satisfy the pleading requirements of the federal securities laws or Rule 9(b). Plaintiffs have leave to replead within thirty (30) days from the date of this decision, but the Court reminds counsel for plaintiffs of their obligations pursuant to Rule 11 not to burden this Court with frivolous pleadings. Plaintiffs obviously may not replead as to matters which the Court has dismissed with prejudice.

SO ORDERED.