In accordance with the memorandum filed this date,

IT IS HEREBY ORDERED and AD-JUDGED that defendant, City of Rolla, shall have judgment against plaintiff, Rolla Cable System, Inc., and that plaintiff's civil action to review the decision of the franchising authority is DISMISSED with prejudice.

**In re 3COM SECURITIES LITIGATION.**

**This Document Relates To: All Actions.**

**No. C–89–20480(A).**

United States District Court,
N.D. California.

May 7, 1990.

William S. Lerach (co-lead counsel), Milberg, Weiss, Bershad, Specthrie & Lerach, San Diego, Cal., Ernest T. Kaufmann, Kaufmann, Malchman, Kaufmann & Kirby, Los Angeles, Cal., Irving Malchman, Kaufmann, Malchmann, Kaufmann & Kirby, New York City, Richard Schiffrin, Schiffrin & Craig, Chicago, Ill., Guido Saveri, Saveri & Saveri, San Francisco, Cal., Jules Brody, Stull, Stull & Brody, Joseph H. Weiss, Max W. Berger, Bernstein, Litowitz, Berger & Grossman, Robert S. Schachter, Zwerling, Schachter & Zwerling, New York City, Steven J. Toll, Cohen, Milstein & Hausfeld, Washington, D.C., Mark C. Gardy, Abbey & Ellis, New York City, for plaintiff.

Tower C. Snow, Shearman & Sterling, San Francisco, Cal., for defendant.

### ORDER

INGRAM, District Judge.

## I. INTRODUCTION

In this securities fraud class action, defendants move to dismiss the second amended consolidated class action complaint pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6).

Upon consideration of all of the papers, the motion to dismiss is GRANTED IN PART AND DENIED IN PART as set forth below.

## II. DISCUSSION

Rule 9(b) requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." *See, e.g., Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 196 (9th Cir.1987). The purpose of Rule 9(b) is to ensure that the complaint alleges "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Lewis v. Sporck*, 612 F.Supp. 1316, 1324–25 (N.D. Cal.1985) (quoting *Bosse v. Crowell Collier and MacMillan*, 565 F.2d 602, 611 (9th Cir.1977)). However, at the pleading stage, the court is required to accept as true all material allegations in the complaint, and all doubts are to be resolved in favor of the plaintiff. *Blake v. Dierdorff*, 856 F.2d 1365, 1368 (9th Cir.1988).

### A. *Group Pleading*

 Defendants contend that plaintiffs have failed to allege facts giving rise to an inference of wrongful conduct by each defendant in that numerous statements in the complaint are attributable to only Mr. Krause, and these are insufficient to hold the other defendants liable.

Although the consolidated complaint does not differentiate the purported fraudulent conduct among the defendants, "pleading group conduct may in some cases meet Rule 9(b) requirements." *Lewis v. Sporck*, 646 F.Supp. 574, 579 (N.D.Cal. 1986). As noted by the Ninth Circuit, the requirement of particularity for group pleading may be reduced in the corporate fraud context and may be satisfied where the fraud allegations in the complaint aver "the date of each" of the corporate publications containing misrepresentations, "specific descriptions of the representations made, the reasons for their falsity, and, where possible, the role of the individual defendants in preparation and dissemination." *Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir.1988); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1440 (9th Cir. 1987). In addition to the group pleading of corporate officers, corporate documents are also susceptible to a presumption that they are the product of the collective actions of the group of officers. In *Wool*, the presumption was extended to misrepresentations purportedly "conveyed in prospectuses, registration statements, annual reports, [and] press releases." 818 F.2d at 1440.

The court finds that the complaint satisfies the group pleading standard, and defendants' motion on this basis is DENIED. This presumption may be rebutted by a later showing that defendant Krause's statements did not reflect the collective actions of the other defendants.

### B. *Pleading on Information and Belief*

 Defendants contend that the complaint is based on information and belief,

and for this reason, it does not satisfy rule 9(b).

Although general allegations based on information and belief do not normally satisfy rule 9(b), the court finds that plaintiffs have alleged sufficient detail to indicate that the complaint is grounded in fraud. *See McFarland v. Memorex Corp.*, 493 F.Supp. 631, 639 (N.D.Cal.1980). Defendants' motion to dismiss on this ground is DENIED.

### C. *Fraud Based Claims*

■ To state a claim under section 10(b), plaintiffs must allege (1) material misstatements or omissions, (2) with an intent to deceive or defraud, (3) detrimental reliance, (4) resulting in or causing injuries, (5) made in connection with the sale or purchase of any security, and (6) through the use of instruments of interstate commerce or the national securities exchange to facilitate the fraud. *Feinman v. Schulman, Berlin & Davis*, 677 F.Supp. 168, 170 (S.D.N.Y. 1988). Similar elements are also required to state claims for Rule 10b–5 violations, common law fraud and negligent misrepresentation. *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 804 (1st Cir.1987).

### 1. *Misrepresentations*

In order to state a claim grounded in fraud, plaintiffs must prove that defendants either misrepresented or omitted a material statement of fact. Defendants contend that the complaint fails to state how any financial statements were misleading, how 3Com's statements of historical fact were misleading, or how any of the alleged omissions made 3Com's affirmative statements misleading. Defendants allege that, in fact, plaintiffs' selective quotations of 3Com's public statements demonstrate that 3Com did not make any untrue statement or fail to disclose any material fact.

### a. *3Com's Financial Statements*

■ In paragraph 40, the complaint alleges that 3Com violated § 10(b) and Rule 10b–5 by disseminating "false and misleading" financial statements during the class period. Specifically, plaintiffs allege that the financial statements for the second and third quarters of fiscal 1989 "overstated [3Com's] net income earnings and assets by failing to make timely and appropriate writedowns of revenues for unprofitable or non-recoverable inventories."

Defendants contend that this allegation is insufficient to state a claim because plaintiffs failed to specify which financial statements were misleading, how each statement was misleading, the approximate amount of the errors, and how the alleged accounting improprieties affected the statements.

The court finds defendants' arguments unpersuasive. It is obvious from the face of the complaint which statements are allegedly incorrect and why. The exact dollar amount of each error does not have to be alleged in order to state a claim. *Blake v. Dierdorff*, 856 F.2d at 1370. Defendants' motion on this basis is DENIED.

### b. *3Com's Historical Facts*

The complaint alleges that 3Com's routine business announcements and earnings statements during the second and third quarters of fiscal 1989 (December through May) were misleading because they omitted disclosure of the adverse information. Specifically, "¶ (a) That 3Com was experiencing a material decline in the incoming order rate for its products; ¶ (b) That 3Com was taking a major risk and facing a substantial danger because management had committed to significant fixed overhead and made other firm financial commitments in anticipation of and in reliance upon obtaining substantial revenues by expanding direct sales which, if not achieved, would result in a substantial reduction in the profitability of its business; ¶ (c) That due to delays in expanding its direct sales force and higher investment in marketing, new product development and customer support, 3Com's revenues and profits were below amounts previously forecast or budgeted internally; ¶ (d) That 3Com's financial statements for the second and third quarters of fiscal 1989 overstated its net income earnings and assets by failing to make timely and appropriate write-downs of revenues for unprofitable or non-recoverable inventories; ¶ (e) That despite heavy advertising and spending on a direct sales

force, demand for 3 + Open was significantly below internal forecasts; ¶ (f) That 3Com was taking a significant risk in attempting to diversify into software and file server products which, if not successful, would result in a substantial reduction in the profitability of its business; ¶ (g) That Krause was seriously distracted from the business of 3Com because he was building a house and was also serving as chairman of the American Electronics Association; and ¶ (h) That as a result, *inter alia*, of the foregoing undisclosed or misrepresented material adverse facts, 3Com had no reasonable basis for the public projections made during the Class Period regarding 3Com's growth and profitability." Complaint, pp. 22–23.

Defendants contend that paragraph 31 of the complaint shows that every projection in the specified documents was supported by record growth and in every case but the first quarter of the fiscal 1990 sales, the projections were accurate. In addition, plaintiffs must set forth with particularity the time, date, content and maker of the allegedly fraudulent statements. *See In re Seagate Technology II Securities Litigation*, [1989 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 94,502 at 93,197, 93,204, 1989 WL 222969 (N.D.Cal. May 3, 1989). Defendants claim that although plaintiffs quote portions of six different earnings announcements, they never challenge the accuracy of a single statement in any of the announcements. Rather, plaintiffs simply conclude with no factual support that all of the announcements were false. Defendants assert that plaintiffs' own allegations establish that each of 3Com's historical statements is true.

 Defendants' argument is unpersuasive. Statements relating to predictions or forecasts of future activity may be material misrepresentations if the prediction did not have a reasonable factual basis. *See Eisenberg v. Gagnon*, 766 F.2d 770 (3d Cir.1985), *cert. denied sub nom., Weinstein v. Eisenberg*, 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1986). Thus, even if 3Com's projections were not technically false, they may have been rendered misleading by 3Com's alleged failure to consider the allegedly omitted facts in their calculations. In addition, plaintiffs allege that the individual officer/director defendants sold high volumes of stock during the class period at artificially inflated prices which they created through the issuance of the public statements. Taking both of the above arguments into consideration, the court concludes that one could reasonably infer that defendants knew the published projections were not reasonably supported by facts. Defendants' motion on this basis is DENIED.

### c. *3Com's Omissions*

Defendants contend that the complaint should be dismissed because they had no duty to disclose the information stated, and plaintiffs have failed to state how and why the alleged omissions made any of the affirmative statements misleading. *Basic, Inc. v. Levinson*, 485 U.S. 224, n. 17, 108 S.Ct. 978, 987 n. 17, 99 L.Ed.2d 194 (1988). Specifically, 3Com had no duty to disclose the possible adverse effects of the expansion of its direct sales force (*see Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1221 (9th Cir.1980); *Colonial Realty Corp. v. Brunswick Corp.*, 337 F.Supp. 546, 552–53 (S.D.N.Y.1971), and in fact, did disclose the expansion and the costs associated thereto in its Report to Shareholders and 10–Q's for fiscal 1989. *See* Complaint, ¶ 31. Since 3Com is not required to interpret information in the public domain or to characterize the information as a "major risk" or "substantial danger", its alleged failure to characterize the consequences of the information contained in the Report and 10–Q is not actionable. *See Klamberg v. Roth*, 473 F.Supp. 544, 552 (S.D.N.Y.1979); *Ala. Farm Bureau Mutual Casualty Co. v. American Fidelity Life Ins. Co.*, 606 F.2d 602, 611 (5th Cir.1979), *cert. denied*, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980).

Defendants also contend that the complaint assumes that 3Com had a twofold duty as to product diversification. First, it was required to speculate about the success of the strategy, and second, it was required to disclose this speculation. *See* Complaint, ¶ 27. Again, defendants assert that 3Com owed no duty to predict adverse consequences of marketing strategies or to

disclose its internal predictions. *Vaughn v. Teledyne,* 628 F.2d at 1221. Moreover, 3Com's commitment to software development and other products was disclosed as stated in the complaint. Lastly, defendants contend that the complaint's allegations concerning 3Com's delay in expanding its sales force and Mr. Krause's distraction are claims for mismanagement rather than securities fraud, and mismanagement is not actionable under Rule 10b–5.

Although the court agrees that defendants may have had no duty to disclose or characterize the risks 3Com faced by expanding its work force and product areas, 3Com's delay in expanding its sales force and marketing investments, the fact that the actual demand for 3+Open was less than internal forecasts, or Mr. Krause's distraction, the court finds that a jury could reasonably infer that these facts should have been considered in defendants' predictions or forecasts of future activity. *Eisenberg v. Gagnon,* 766 F.2d 770 (3d Cir.1985), *cert. denied sub nom., Weinstein v. Eisenberg,* 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1986). Unless these facts were considered, defendants would not have had a reasonable factual basis upon which to base the predictions, and the predictions would have been rendered misleading. Such a determination may not be resolved on a motion to dismiss. Furthermore, defendants' failure to disclose a material decline in orders and the failure to write down unrecoverable and unprofitable inventory are sufficient omissions to avoid dismissal.

Therefore, looking at the complaint as a whole, the court finds the allegations of fraud sufficient to satisfy rule 9(b). Paragraph 40 sets out specific reasons why the statements made by defendants was false or misleading, and the court finds these reasons are stated with sufficient particularity. *See generally Seattle–First National Bank v. Carlstedt,* 800 F.2d 1008, 1011 (10th Cir.1986). Specifically, plaintiffs contend that 3Com's optimistic statements regarding orders, direct sales efforts and sales of connectivity products directed at near term as well as long term performance contained misstatements and omissions which created the misleading

impressions that orders would meet or exceed both Wall Street journal expectations and the company's own forecasts. The company failed to meet those expectations in the fourth quarter or correct the statements after having been made. Plaintiffs are not required to link each piece of omitted information with each statement claimed to be misleading. *See Levy v. Eletr,* 724 F.Supp. 1269, 1272 (N.D.Cal.1989); *In re Worlds of Wonder Securities Litigation,* 721 F.Supp. 1140, [1989 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 94,449 at 92,887 (N.D.Cal.1989). Defendants' motion to dismiss is DENIED.

### 2. *Scienter*

Scienter is the intent to deceive, manipulate or defraud. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193–94 n. 12, 96 S.Ct. 1375, 1381 n. 12, 47 L.Ed.2d 668 (1976). In the Ninth Circuit, scienter includes knowing or reckless conduct. *See, e.g., Kehr v. Smith Barney, Harris Upham & Co., Inc.,* 736 F.2d 1283, 1286 (9th Cir.1984) (citing *Nelson v. Serwold,* 576 F.2d 1332, 1337 (9th Cir.1978), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). While a section 10(b) claim must be pled with rule 9(b) particularity, the scienter requirement may be averred generally. *Goldman v. Balden,* 754 F.2d 1059, 1070 (2d Cir.1985).

The complaint alleges that during the class period, defendants Krause and Metcalfe each owned 3Com shares valued at millions of dollars, (Complaint, ¶¶ 7(a)–(b), 38 and 43); each defendant intended to boost the market price of 3Com stock to enhance the value of his 3Com stock and options, (Complaint, ¶ 9(c)(ii)), and the individual defendants personally profited by selling nearly $2 million of their 3Com stock holdings at artificially inflated prices. Complaint, ¶¶ 8, 40, 42–43. The court finds that defendants' actions raise an inference of scienter of undisclosed information regarding the corporation and an inference of scienter. *See* Complaint, ¶¶ 42–43. In addition, the complaint also alleges that the individual defendants sought to protect their executive positions, compensation and

bonuses from 3Com, and knew or had reason to know facts which showed that 3Com's repeated statements regarding improved financial performance for fiscal 1989 had no reasonable basis. Complaint, ¶¶ 9(a)–(b), 20, 40(a)–(f). Defendants' motion on this ground is DENIED.

### 3. *Loss Causation*

██ Under Rule 10b–5, plaintiffs must allege that defendants' conduct induced plaintiffs to invest and that the alleged conduct was the proximate cause of plaintiffs' injury. *In re Fortune Systems Securities Litigation*, 680 F.Supp. 1360, 1365 (N.D.Cal.1987). Defendants contend that plaintiffs fail to plead any connection between the alleged omissions in paragraph 40 and the decline in 3Com stock prices.

██ The court finds defendants' arguments meritless. The complaint alleges that as a result of defendants' false and misleading statements, 3Com's stock was inflated throughout the class period, *see* Complaint, ¶¶ 1, 10, 20, 35, 38–39, 41, 52–53; when the truth became known at the end of the class period, the price of 3Com's shares plummeted, *see* Complaint, ¶¶ 33–35, 37, 39–40, 44; and defendants' materially misleading statements and material omissions caused plaintiffs to purchase 3Com stock at artificially inflated prices. *See* Complaint, ¶¶ 52–53. Therefore, defendants' motion on this ground is DENIED.

### D. *Conspiracy*

██ "To state a claim for conspiracy, plaintiffs must plead [1] an agreement to participate in an unlawful overt act [2] performed in furtherance of the agreement." *Roberts v. Heim*, 670 F.Supp. 1466, 1484 (N.D.Cal.1987). "The existence of this agreement may be either express or inferred from a defendant's conduct." *Id.* However, a conspiracy to commit fraud must satisfy the particularity requirement of rule 9(b). *Id.* at 1484.

██ The court finds that the complaint states sufficient facts to establish a tacit agreement by the defendants to artificially inflate 3Com's stock prices in order to profit from the sale of their own shares.

Therefore, defendants' motion as to this claim is DENIED.

### E. *Aiding and Abetting*

██ A claim for aiding and abetting requires (1) the existence of an independent primary wrong, (2) actual knowledge by the alleged aider and abettor of the wrong and his or her role in furthering it, and (3) substantial assistance in the wrong. *Harmsen v. Smith*, 693 F.2d 932, 943 (9th Cir.1982), *cert. denied*, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).

██ The court finds that complaint fails to allege the time, place and manner of the alleged substantial assistance by the defendants as well as the requisite intent. Defendants' motion as to this claim is GRANTED. Plaintiffs have THIRTY (30) DAYS LEAVE TO AMEND within which to plead facts sufficient to establish the elements stated above.

### F. *Control Person Liability*

██ To state a claim for control person liability, plaintiffs must allege facts showing (1) that the individual defendants had the power to control or influence the company, (2) that individual defendants were culpable participants in the alleged illegal activity, and (3) a violation of the securities laws. *Wool v. Tandem Computers, Inc.*, 818 F.2d at 1440–41. A control relationship is adequately pled where the allegations apprise the individual defendants "who they are alleged to control and what acts or status indicate such control." *Id.* at 1442 (citing *Hudson v. Capital Management Int'l, Inc.*, [1982–83 Binder] Fed.Sec.L.Rep. (CCH) ¶ 99,222, at 95,905 (N.D.Cal.1982). In the context of group published information, it is sufficient to plead "the misrepresentations with particularity and where possible with respect to the individual defendants." *Id.* at 1442.

The court finds that this requirement is satisfied, and defendants' motion as to this claim is DENIED.

### G. *Pendent State Law Claims*

Defendants contend that if the court dismisses the federal securities law claims, it should also dismiss the pendent state law claims for lack of jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Durham v. Kelly,* 810 F.2d 1500, 1505–06 (9th Cir.1987). In light of the previous discussion, defendants' motion is DENIED.

#### 1. *Fraud*

Defendants contend that plaintiffs fail to allege fraud with particularity, setting forth facts that show falsity, materiality, intent to deceive, justifiable reliance and damages. *Vasquez v. Superior Court,* 4 Cal.3d 800, 811, 94 Cal.Rptr. 796, 484 P.2d 964 (1971). In addition, plaintiffs are not entitled to a presumption of reliance for common law fraud and must allege facts showing actual and justifiable reliance on the alleged misrepresentations by each plaintiff. *See Wilhelm v. Pray, Price, Williams & Russell,* 186 Cal.App.3d 1324, 1332, 231 Cal.Rptr. 355 (1986).

The court agrees. Plaintiffs have failed to allege individual reliance and may not rely on the "fraud on the market" theory for common law fraud claims. Defendants' motion as to this claim is GRANTED, and plaintiffs have THIRTY (30) DAYS LEAVE TO AMEND in order to allege actual reliance.

#### 2. *Negligent Misrepresentation*

Defendants contend that they owed no duty to plaintiffs. Therefore, because plaintiffs were not the known or intended beneficiary of the supposed misrepresentation or a member of a limited group to whom the representations were made, no claim lies. In *Weinberger v. Schroeder,* No. C–84–20757–WAI, Slip Opn. at 9 (N.D. Cal. October 28, 1986), this court dismissed a claim for negligent misrepresentation based on alleged misrepresentations in annual and quarterly reports. The court noted that such "aftermarket statements" were not intended to induce stock purchases but rather to inform existing shareholders of corporate developments or to meet SEC reporting requirements. Accordingly, defendants assert that liability may not be imposed for alleged misstatements in after-market documents such as SEC filings, press releases and shareholder reports. *Id.; Self–Insurers' Security Fund v. ESIS, Inc.,* 204 Cal.App.3d 1148, 1163, 251 Cal.Rptr. 693 (1988).

In determining whether a duty exists to a third party not in privity, the court looks to (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm. *Goodman v. Kennedy,* 18 Cal.3d 335, 343, 134 Cal.Rptr. 375, 556 P.2d 737 (1976). The court finds that the allegedly misleading publications at hand were intended to affect plaintiffs. Unlike the publications in *Weinberger,* the publications here were not aftermarket publications. Instead, they acted to entice investment in 3Com and artificially inflate the market. In addition, taking the complaint's allegations as true, the directors would have known that by selling their stock at inflated prices, those purchasers would be injured when the alleged omissions were disclosed. Plaintiffs' injuries can be proven with reasonable certainty, and there are sufficient allegations of a nexus between defendants' conduct and plaintiffs' injury as discussed above. The court finds that the existence of these factors is sufficient to find a duty.

However, plaintiffs have failed to allege individual reliance. Therefore, for the reasons stated in the previous discussion on common law fraud, defendants' motion is GRANTED. Plaintiffs have THIRTY (30) DAYS LEAVE TO AMEND their complaint in order to allege actual and justifiable reliance.

### H. *Insider Trading*

Defendants move to dismiss this claim on the basis that plaintiffs have failed to allege contemporaneous trading. Plaintiffs do not appear to oppose the dismissal of this claim, but rather, plaintiffs

contend that they are relying on the allegations of insider trading as evidence of scienter.

Defendants' motion to dismiss as to this claim is GRANTED, and count II of the complaint is DISMISSED WITH PREJUDICE.