45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Vincent CALI, on behalf of himself and all others similarly
situated, Plaintiff-Appellant,
v.
Gary A. ROSENBERG, et al., Defendants-Appellees.
 No. 93-15862.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1994.
Decided Dec. 29, 1994.
 
 1
 Before: ALARCON, HALL, Circuit Judges, and KING, District Judge,*
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellants Vincent Cali, Howard Kichler and George and Juanita Proechel ("Plaintiffs") appeal from the district court's dismissal of their consolidated actions for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).[1] The three actions had substantially similar complaints, thus the parties and the district court referred to the complaints as "the Complaint."
 
 
 4
 The Complaint alleges that Defendants UDC, its general partners, and the officers and directors of the general partners, including Defendant Rosenberg, ("UDC") violated Sections 11 and 15 of the Securities Act (15 U.S.C. Secs. 77k and 77o) and Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. Secs. 78j(b) and 78t(a)). The claims brought under Sections 15 and 20(a) are secondary to liability under Sections 11 and 10(b) because they allege control person liability. To state a claim for control person liability, a plaintiff must successfully allege the existence of a securities law violation. Haft v. Eastland Financial Corp., 755 F.Supp. 1123, 1133 (D.R.I.1991). Thus, if Plaintiffs failed to allege sufficient facts to show a federal securities law violation under Section 11 or Section 10(b), their control person allegations under Sections 15 and 20(a) must also be dismissed. The Complaint also alleges violations of Arizona securities statutes and Arizona common law.
 
 
 5
 The district court dismissed the federal securities claims on two grounds: (1) Plaintiffs failed to allege a material misstatement or omission in the Complaint; (2) Plaintiffs failed to plead the Section 10(b) claim with the particularity required by Fed.R.Civ.P. 9(b). The court dismissed the consolidated actions with prejudice on the ground that any attempt to amend the Complaint would be futile. The pendent claims were dismissed due to the dismissal of all federal claims.
 
 
 6
 Plaintiffs contend that the district court erred in dismissing the action because the Complaint alleges numerous misstatements or omissions of material fact. Plaintiffs also argue that the allegations in the Section 10(b) claim are pleaded with sufficient particularity because the Complaint identifies each material misrepresentation and the document in which it is located. Finally, Plaintiffs contend that the district court erred in dismissing the consolidated actions with prejudice.
 
 
 7
 We affirm because we conclude the Complaint fails to allege a misstatement or omission of material fact. Accordingly, we do not reach the question whether the Section 10(b) claim fails to comply with Rule 9(b). We also hold that the district court did not abuse its discretion in dismissing the consolidated actions with prejudice because there were sufficient grounds for the court's determination that any future amendment of the Complaint would be futile.
 
 I.
 
 8
 Plaintiffs contend that the district court erred in granting UDC's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A district court's dismissal of an action for failure to state a claim is reviewed de novo. National Abortions Federation v. Operation Rescue, 8 F.3d 680, 681 (9th Cir.1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 9
 Sections 10(b) and 11 have a common requirement that the plaintiff must allege a misstatement or omission of material fact in a prospectus, document or oral communication related to the purchase of a security. In re Lyondell Petrochemical Co. Securities Litig., 984 F.2d 1050, 1052 (9th Cir.1993). Plaintiffs contend that the Complaint meets this pleading requirement because it contains allegations that UDC made materially misleading statements in the prospectus and other UDC documents regarding UDC's financial prospects and ability to make future distributions.
 
 
 10
 Plaintiffs alleged in the Complaint that UDC's optimistic statements were materially misleading in light of the following facts omitted by UDC: (1) UDC would not be able to replace its working capital line of credit under the same terms and conditions in light of the passage of FIRREA;[2] (2) UDC's ability to make distributions would be constrained in the future due to FIRREA because lending institutions would likely stringently oversee UDC's operations and enforce distributions limitations provisions in any loan agreement; and (3) UDC's financial condition would be significantly impacted by the liquidation of real estate holdings by the Resolution Trust Corporation (RTC) in certain UDC markets, and by generally distressed real estate prices. Plaintiffs also alleged that the UDC prospectus contained accurate historical financial data which was misleading because it led investors to believe UDC's future performance would be comparable to its past performance.
 
 
 11
 Plaintiffs argue that UDC's failure to disclose the above facts caused UDC's optimistic statements to be misleading. However, the failure to make a forecast of future events is not actionable under federal securities laws. In re Verifone Securities Litig., 11 F.3d 865, 869 (9th Cir.1993). Specifically, the omission of the "fact" that future prospects may not be as bright as past performance is not actionable. Id.
 
 
 12
 The question whether UDC would or would not be capable of making future distributions in light of FIRREA and RTC sales calls for a forecast of future events. Under In re Verifone, the failure to forecast future events is not actionable under federal securities laws. Id. Therefore, the omission of UDC's internal projections regarding the impact of FIRREA and RTC sales on its ability to make future distributions does not constitute a misstatement or omission of material fact.
 
 
 13
 Plaintiffs' argument is not strengthened by the fact that UDC predicted that it would be capable of resuming distributions in the future. To allege a claim for misrepresentation based on a material omission, the plaintiff must show that the defendant had a duty to disclose the omitted information. In re Lyondell, 984 F.2d at 1052. There is no duty to disclose internal projections even if those projections contradict the company's publicly disseminated forecasts. Id. Even if UDC had internal concerns regarding its ability to make future distributions, it had no duty to disclose such concerns as long as they were in the form of projections or forecasts regarding UDC's future earning prospects. See id.
 
 
 14
 Plaintiffs contend that UDC's predictions regarding its ability to make future distributions constituted material misrepresentations because there was no reasonable factual basis for the statements. Statements relating to predictions or forecasts of future activity may be material misrepresentations if the predictions did not have a reasonable factual basis. In re 3Comm Securities Litig., 761 F.Supp. 1411, 1416 (N.D.Cal.1990). UDC responds that the Complaint is deficient because it fails to allege any facts to support the allegation that the statements were made without a reasonable basis. We agree.
 
 
 15
 While a plaintiff need not satisfy the applicable burden of persuasion at the pleadings stage, he or she must allege facts that would entitle him or her to relief if proved. Plaintiffs do not allege any facts from which the allegation that UDC's predictions were made without a reasonable basis can be inferred. For example, there is no allegation in the Complaint that, at the time the statements were made, FIRREA had actually constrained UDC's credit, or that RTC sales had in fact caused financial damage which restricted UDC's ability to make future distributions.
 
 
 16
 In sum, the Complaint fails to allege a misstatement or omission of a material fact because the allegations are grounded in UDC's failure to disclose forecasts regarding the future impact on UDC of publicly available information. The failure to make these forecasts is not actionable because UDC had no duty to disclose such information. The Complaint also fails to allege any facts to suggest that UDC's positive forecasts were made without a reasonable basis. Accordingly, the district court's judgment dismissing Plaintiffs' consolidated actions pursuant to Fed.R.Civ.P. 12(b)(6) is affirmed.
 
 
 17
 Because Plaintiffs failed to allege facts showing a misstatement or omission of a material fact, we need not determine whether the Section 10(b) claim meets the particularity requirement of Fed.R.Civ.P. 9(b).
 
 II.
 
 18
 Plaintiffs contend that the district court erred in denying their request for leave to amend the Complaint. Plaintiffs argue that they should have been granted at least one opportunity to replead their allegations in conformity with any deficiencies perceived by the district court. The denial of leave to amend a complaint is reviewed for an abuse of discretion. National Abortions Federation, 8 F.3d at 681.
 
 
 19
 In explaining its order of dismissal, the district court stated that it was "satisfied that further amendment would be futile and dismissal, with prejudice, is appropriate." The court's futility finding was based on the representation of Cali's trial counsel that without any discovery Plaintiffs could not "... aver the additional fact that the defendants seem to be crying out for ..." Cali thus implicitly admits that it had no basis to make its averments in good faith. It is not an abuse of discretion to deny leave to amend when amendment would be futile. Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir.1990). The district court did not abuse its discretion in denying Plaintiffs' request for leave to amend the complaint.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, United States Senior District Judge, for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Plaintiffs filed separate cases in the district court. These cases were consolidated and proceeded under the caption Cali v. Rosenberg, Civ. 91-1944 PHX-PGR, Civ. 91-1992 PHX-PGR, Civ. 91-2069 PHX-PGR (CONSOLIDATED). Therefore, the appeal herein was taken as Cali v. Rosenberg, Civ. 91-1944 PHX-PGR, Civ. 91-1992 PHX-PGR, Civ. 91-2069 PHX-PGR. Although the caption refers only to Mr. Cali, each of the Plaintiffs filed a notice of appeal
 
 
 [2]
 Financial Institutions Reform, Recovery and Enforcement Act of 1989, Public Law 101-73, 103 Stat. 183 (August 9, 1989)